

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-92,973-02

### EX PARTE RUBEN VILLA NUEVA, JR. A/K/A RUBEN VILLANUEVA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2019-DCR-02325-C IN THE 197TH DISTRICT COURT
### FROM CAMERON COUNTY

*Per curiam*.

### O R D E R

Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07. According to the record, the trial court held an evidentiary hearing on Nov. 30, 2021. Specifically, the findings and conclusions adopted by the trial court state, in relevant part, "The Court of Criminal Appeals requested that this trial court further develop the record and enter findings of fact as to whether Applicant's plea was involuntary. This court held a hearing on the matter on November 30, 2021." However, the transcript of the hearing was not forwarded to this Court.

Under Article 11.07 of the Texas Code of Criminal Procedure, a reporter is required to transcribe a hearing within fifteen days of its conclusion and then to immediately forward the

transcript to the district clerk in the county of conviction. *Id*. at § 3(d). After receiving the transcript, the district clerk is required to forward it, among other things, to this Court. *Id*.; *see also* TEX. R. APP. P. 73.4(b)(4).

The district clerk shall serve the reporter in Applicant's case with a copy of this order and then either forward to this Court the transcript of the evidentiary hearing or certify in writing that the reporter has not transcribed the hearing. The district clerk shall comply with this order within thirty days from the date of this order.

Filed: May 4, 2022
Do not publish